UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Juan de Dios Perez Mijangos, *et al.*,

               Plaintiffs,

      –v–

Jesa 31, Inc., *et al.*,

               Defendants.

JAN 0 6 2020

19-cv-4244 (AJN)

ORDER

---

ALISON J. NATHAN, District Judge:

    The Court has been advised that the parties in this FLSA action have reached a settlement. *See* Dkt. No. 29.

    Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair. *See Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206 (2d Cir. 2015). *See also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 338 (S.D.N.Y. 2012). Accordingly, on or before February 5, 2020, the parties must submit to the Court both the settlement agreement and a joint letter explaining why the settlement should be approved. The parties' submission should contain the following:

- Discussion of the considerations detailed in *Wolinksy*, 900 F. Supp. 2d at 335–36.
- A description of the method used to calculate the settlement amounts.
- A list of the hours Plaintiff(s) worked and at what wages. This should be detailed enough enable the Court to follow the parties' steps in calculating the settlement amounts. If the parties disagree on hours worked or wages owed, both parties' estimates should be included.
- Detailed billing records to support any request for attorneys' fees, documenting the hours expended and the nature of the work done.
- If the proposed settlement contains a non-disparagement provision, authority and argument demonstrating that the proposed provision is fair and reasonable.

The parties are further advised that the Court will likely not approve settlement agreements that contain a confidentiality provision or a general release from all liability.

In an effort to achieve a faster disposition of this matter, it is hereby FURTHER ORDERED that the parties must meet and confer to discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to conducting all further proceedings before the assigned Magistrate Judge.

If both parties consent to proceed before the Magistrate Judge, counsel shall file a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form.[1] If the Court approves that form, all further proceedings will then be conducted before the assigned Magistrate Judge, rather than before the undersigned. Any appeal would be taken directly to the U.S. Court of Appeals for the Second Circuit, as it would be if the consent form were not signed and so-ordered.

If either party does not consent to conducting all further proceedings before the assigned Magistrate Judge, the parties must file a joint letter within one week of the date on which the parties submit their settlement agreement advising the Court that the parties do not consent, <u>but without disclosing the identity of the party or parties who do not consent</u>. The parties are free to withhold consent without negative consequences.

All upcoming conferences and deadlines in this case are adjourned *sine die*.

SO ORDERED.

Dated: January 10, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] The form is available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.